Ahren A. Tiller Esq. [SBN: 250608]
BLC Law Center, APC
1230 Columbia St., Ste 1100
San Diego, CA 92101
Phone (619) 894-8831
Facsimile: (866) 444-7026
Email: Ahren.Tiller@blc-sd.com

Attorneys for Plaintiff
JAMES V. SNYDER

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES V. SNYDER,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FAST AUTO LOANS, INC., a California Corporation,<br><br>　　　　　　Defendants, | Case No.: **'19CV0498 GPC MSB**<br><br>COMPLAINT FOR DAMAGES FOR (1) VIOLATIONS FOR OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788-1778.32) AND (2) VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. JAMES V. SNYDER (hereinafter referred to as "Plaintiff"), by and through his Counsel of record, brings this action against FAST AUTO LOANS, INC., a California Corporation, dba FAST AUTO AND PAYDAY LOANS (hereinafter referred to as "FAL" or "Defendant") pertaining to actions by FAL to unlawfully collect a debt allegedly owed by Plaintiff, including but not limited to, collection via the use of an Automated Telephone Dialing System ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone Consumer

Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788-1788.32 ("RFDCPA"), thereby invading Plaintiff's privacy, and causing Plaintiff damages.

2. The California legislature determined that unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system. The legislature further determined there is a need to ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty, and due regard for the rights of others. The legislature's explicit purpose of enacting the RFDCPA was to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts, and to require debtors to act fairly in entering into and honoring such debts.[1]

3. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." *Id.*

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to

---

[1] CA Civil Code §§ 1788.1(a)-(b)

annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012).

6. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

7. This action is based on FAL's violations of the RFDCPA, which is found in California Civil Code §§ 1788 - 1788.32; and the TCPA, which is found in Title 47 of United States Code Section § 227, et. seq.

8. This Court has jurisdiction over FAL pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. This Court further has supplemental jurisdiction over FAL pursuant to 28 U.S.C. § 1367(a) as to Plaintiff's California Causes of action, as said California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California.

11. Furthermore, FAL is headquartered in Atlanta, GA but operates multiple locations in California, including in San Diego County. Further, FAL is registered with the CA Secretary of State and is a licensed California Finance Lender. Plaintiff resides in San Diego County, California.

## PARTIES

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

13. Plaintiff is a natural person from whom a debt collector sought to collect a

consumer debt which was due and owing or alleged to be due and owing by Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

14. On information and belief, Plaintiff alleges that FAL is, and at all times mentioned herein was, a California corporation headquartered in Atlanta, GA but operates multiple locations in CA, including this District. FAL is, and at all times mentioned herein was, registered with the California Secretary of State and is a California Finance Lender.

15. On information and belief, Plaintiff alleges that FAL's primary business operations are the issuing of unsecured and secured consumer loans.

16. On information and belief, both FAL engages in collection on behalf of consumer debts owed to it.

17. A significant portion of both of FAL's business operations are dedicated to collecting debts owed to itself, primarily unsecured and secured consumer loans.  Part of FAL's regular business practices are to make repeated phone calls to persons it believes responsible for paying past-due debts.

18. FAL is, and all times mentioned herein, was a corporation and a "person," as defined by 47 U.S.C. § 153(39).

19. FAL regularly attempts to collect on "consumer debts" owed it, that term is defined by Cal. Civ. Code §1788.2(f), through the use of the mails, electronic communication, and the telephone.  Therefore, FAL is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

20. At all times relevant hereto, FAL used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or made telephone collection calls using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. 227(b)(1)(A).

21. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. Therefore, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

## GENERAL ALLEGATIONS

22. Plaintiff incorporates by reference and realleges Paragraphs 1-21 above as if fully stated herein.

23. Prior to 2018, Plaintiff took out a personal loan with FAL and maintained regular monthly payments to FAL, but eventually fell on financial hardship and could no longer maintain payments due to FAL.

24. Upon going into default, agents for FAL called Plaintiff multiple times and requested payment through the use of an ATDS and/or a Recorded Voice, often 1-5 times per day, almost every single day.

25. On multiple occasions, FAL left Pre-Recorded Automated Voice messages for Plaintiff to call FAL back.

26. Plaintiff sought out and retained Plaintiff's Counsel to represent him with regards to the debt that FAL was collecting on.

27. On December 28, 2018, Plaintiff's Counsel drafted a letter wherein he stated that he represented Plaintiff with regards to any claims held or serviced by Defendant Fast Auto Loans, Inc. ("Cease and Desist Letter No. 1").

28. Cease and Desist Letter No. 1 contained Plaintiff's name, the last 4 digits of his social security number, and the full account number of his account with FAL, to assist FAL in identifying Mr. Snyder's account.

29. Plaintiff's Counsel sent Cease and Desist Letter No. 1 to FAL via mail on December 28, 2018 to both the local FAL branch in Escondido, as well as to the FAL's headquarters in Georgia. The addresses Cease and Desist Letter No. 1 was sent to is listed as follows:

Fast Auto Loans, Inc.
190 W. El Norte Pkwy, Suite 200,

        Escondido, CA 92026

        Fast Auto Loans, Inc.
        8601 Dunwoody Place, Suite 406
        Atlanta, GA 30350

30. Despite receipt of Cease and Desist Letter 1, agents for FAL continued to call Mr. Snyder incessantly, sometimes 3-5 times per day, almost every single day.

31. On March 5, 2019[2], in response to the continued relentless collection calls, Mr. Snyder's Counsel drafted a second letter to FAL which contained all of the same information as the prior letter, but additionally stated in bold on the top of the letter: "***SECOND ATTEMPT DO NOT DISREGARD***" (hereinafter referred to as "Cease and Desist Letter No. 2").

32. Plaintiff's Counsel sent Cease and Desist Letter No. 2 to the same local FAL Escondido branch address, as well as to the FAL headquarters in Georgia, both listed in Paragraph 29 above.

33. In both Cease and Desist Letter Nos. 1 and 2, Plaintiff's Counsel provided Plaintiff's name, the last 4 digits of his social security number, and the full FAL account number, and explained that a formal demand was being made pursuant to Cal. Civ. Code §1788.14(c), that all further communication with Plaintiff cease and that any future communication be exclusively sent to Plaintiff's Counsel.

34. In both Cease and Desist Letter Nos. 1 and 2, the verbiage expressly revoked consent to contact Plaintiff in any fashion, including via calling Plaintiff with the use of an Automated Telephone Dialing System and/or Recorded Voice.

35. Despite both Cease and Desist Letters Nos. 1 and 2, FAL continued to incessantly call Plaintiff on his cellular telephone, often multiple times per day, to collect on its claim.

36. Further, FAL or its agents or representatives, continued to call Plaintiff using

---

[2] Cease and Desist Letter 2 contains a typo that has February 5, 2019 as the date but it was drafted & sent March 5, 2019.

an ATDS and/or Recorded Voice.

37. On at least two occasions, Plaintiff picked up the collection calls from FAL and informed FAL's representatives that Plaintiff had retained counsel and instructed those representatives to cease contacting Plaintiff.

38. In said telephone calls, Plaintiff orally revoked any alleged prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice.  Despite said oral revocation, agents for FAL continued to call Plaintiff using an ATDS and/or Pre-Recorded Voice.

39. On information and belief, FAL received the two (2) mailed Cease and Desist Letters, which clearly informed FAL that Plaintiff had retained counsel regarding the consumer debt owed to FAL, as well as revoked any prior consent to contact Plaintiff via the use of an ATDS and/or Pre-Recorded Voice calls to his cellular telephone.

40. Despite receipt Cease and Desist letters Nos. 1 and 2, FAL continued to incessantly call Plaintiff on his cellular telephone, often multiple times per day, to collect on its claim.

41. Further, FAL or its agents or representatives, continued to call Plaintiff using an ATDS and/or Recorded Voice.

42. FAL or its agents or representatives, have contacted Plaintiff on his cellular telephone over one-hundred (100) times using an ATDS and/or Recorded voice as those terms are defined in 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

43. To date, despite two (2) mailed letters and oral instructions to cease calling Plaintiff via the use of an ATDS and/or Recorded Voice, all of which provided irrefutable notice that Plaintiff had revoked consent to call his cell phone by any means and that he had retained Counsel regarding these alleged debts, FAL continues to contact Plaintiff repeatedly.

44. These collection calls were made using equipment that had the capacity to

store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers, and was therefore an automatic telephone dialing system ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1).

45. As is evidenced by the frequency and rapid succession of the call times and dates, the ATDS computer software automatically called Plaintiff at certain times from random numbers, usually multiple times a day with varying call times, without a human being actually dialing the Plaintiff's cellular telephone number.

46. Many of FAL's calls to Plaintiff after receiving the Cease and Desist Letters revoking any prior consent to call Plaintiff, contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

47. The multiple calls made by FAL or its agents after receipt of Cease and Desist Letter No. 1 were therefore made in violation of 47 U.S.C. § 227(b)(1).

48. Further, when Plaintiff answered the telephone, FAL's agents were rude, abusive, and aggressive when they called to collect from Plaintiff. They would rebuke Plaintiff's requests to cease calling and have continued to harass Plaintiff to date, despite his repeated oral and written requests to cease their harassment.

49. These interactions and unlawful debt collection practices caused emotional distress to Plaintiff.

50. Plaintiff has received so many collection calls by FAL that his voicemail has repeatedly filled up, preventing Plaintiff from receiving other important messages and incurring actual charges as a result of his cellular telephone plan.

51. Upon information and belief, FAL regularly makes autodialed telephone calls with Recorded Voices in order to collect on its claims.

52. Upon information and belief, FAL's telephone equipment has the capacity to

store or produce telephone numbers to be called, using a random or sequential number generator, without the need for a human to dial the numbers, as said equipment dials Plaintiff's cellular telephone number automatically from a stored list.

53. Upon information and belief, the telephone equipment used by FAL to place the calls at issue have the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator.

54. FAL's collection calls to Plaintiff described herein, were not made for emergency purposes, as defined by 47 U.S.C. § 227(b)(1)(A).

55. FAL's collection calls to Plaintiff describe herein, were not made solely for the purpose of collecting upon a debt owed to or guaranteed by the Federal Government.

56. FAL placed the collection calls described herein to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

57. FAL's aforementioned conduct personally affected Plaintiff, as Plaintiff was frustrated and distressed that FAL repeatedly interrupted Plaintiff with unwanted calls using an ATDS and/or Recorded Voice for collection purposes.

58. Through FAL's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

59. FAL's calls forced Plaintiff to live without the utility of his cellular phones by occupying his cellular telephone with multiple unwanted calls, causing a severe nuisance and lost time.

60. As a result of FAL's relentless and harassing collection calls, Plaintiff has experienced anger and disbelief, and feelings of powerlessness, which have

resulted in a loss of sleep, loss of appetite, headaches, anxiety and panic attacks, feelings of hypervigilance, paranoia and depression.

61. These calls have consumed his day and have caused a severe disruption to Plaintiff's life, due to the extreme frequency of calls by FAL.

62. As a direct and proximate result of the aforementioned harassment committed by FAL, Plaintiff has suffered emotional distress.

## CAUSES OF ACTION

## I.

## FIRST CAUSE OF ACTION

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT

### (CAL. CIV CODE § 1788.14(c))

63. Plaintiff realleges and incorporates by reference Paragraphs 1 through 62, inclusive, as if fully set forth.

64. Via the two (2) times Plaintiff's Counsel sent Cease and Desist Letters by mail, as well as when Plaintiff orally informed FAL's agents on multiple occasions that he had retained Counsel, FAL was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff no longer wished to be contacted regarding these debts.

65. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c) Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question. This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

66. By calling Plaintiff over one-hundred (100) times after receipt of two (2) separate Cease and Desist Letters from Plaintiff's Counsel, sent by US Mail, FAL violated Cal. Civ. Code §1788.14(c).

67. As a result of the constant collection calls from FAL, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, shortness of breath, nausea, and has at times been unable to calm down as the constant and harassing collection calls by FAL are overwhelming. Plaintiff is constantly afraid to answer his phone and he cringes when his phone rings.

68. Therefore, as a direct and proximate result of the unlawful collection efforts by FAL, Plaintiff suffered emotional distress.

## II.

## SECOND CAUSE OF ACTION

### NEGLIGENT VIOLATIONS OF THE TCPA

### (47 U.S.C. § 227 ET. SEQ.)

69. Plaintiff realleges and incorporates by reference Paragraphs 1 through 68, inclusive, as if fully set forth.

70. Through the two (2) separate Cease and Desist Letters from Plaintiff's Counsel, sent by US Mail, and orally when he answered the collection calls, Plaintiff revoked any alleged consent for FAL to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

71. The foregoing acts and omissions of FAL constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

72. As a result of FAL's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

73. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

### III.

### THIRD CAUSE OF ACTION

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**

**(47 U.S.C. § 227 ET. SEQ.)**

74. Plaintiff realleges and incorporates by reference Paragraphs 1 through 73, inclusive, as if fully set forth.

75. Through the two (2) separate Cease and Desist Letters from Plaintiff's Counsel, sent by US Mail, and orally when he answered the collection calls, Plaintiff revoked any alleged consent for FAL to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

76. The foregoing acts of FAL constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

77. Therefore, since FAL continued to call Plaintiff despite indisputably being informed to not call Plaintiff on multiple occasions through multiple different means, Fast Auto Loans, Inc.'s acts were willful.

78. As a result of Fast Auto Loans, Inc.'s knowing and/or willful violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

79. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff having set forth the claims for relief against Defendant Fast Auto Loans, Inc. herein, respectfully request this Court enter a Judgment against Defendant as follows:

a. As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ. Code §1788.30(a) according to proof, including compensatory damages for Plaintiff's emotional distress for the harassing telephone calls and other debt collection efforts;

b. As to the First Cause of Action, an award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b);

c. As to the First Cause of Action, an award of reasonable attorney's fees and costs pursuant to Cal. Civ. Code §1788.30(c);

d. As to the Second Cause of Action, $500 in statutory damages for each and every one of FAL's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47 U.S.C. § 227(b)(3)(B);

e. Injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

f. As to the Third Cause of Action, $1,500.00 in statutory damages for each and every one of FAL's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), totaling in excess of $150,000.00, pursuant to 47 U.S.C. § 227(b)(3)(C).

g. For such other and further relief as the Court may deem just and proper.

Dated: March 14, 2019          By:   /s/ Ahren A. Tiller
                                     Ahren A. Tiller, Esq.
                                     BLC Law Center, APC
                                     Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues triable by jury.

Dated: March 14, 2019         By:    /s/ Ahren Tiller_____
                                            Ahren A. Tiller, Esq.
                                            BLC Law Center, APC
                                            Attorneys for Plaintiff